UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　CASE NO. 8:15-CR-281-T-17JSS

JOSUEL ORTIZ.

_____/

ORDER

This cause is before the Court on:

Dkt. 84　　Motion to Reduce Sentence
Dkt. 88　　Notice
Dkt. 89　　Order Denying Motion to Reduce Sentence
Dkt. 90　　Motion for Reconsideration of His Motion
　　　　　　Pursuant to 18 U.S.C. Sec. 3582(c)(2)

Defendant Josuel Ortiz, pro se, requests reconsideration of the Court's Order denying Defendant Ortiz' Motion to Reduce Sentence. In the Motion to Reduce Sentence, Defendant Ortiz requested modification of Defendant's term of imprisonment pursuant to 18 U.S.C. Sec. 3582(c)(2) and Amendment 782. Defendant Ortiz requested that Defendant's term of imprisonment be reduced to the mandatory minimum of 120 months.

Defendant Ortiz asserts that the Court should have considered Amendment 794 in adjudicating Defendant's Motion to Reduce Sentence.

I.　Background

In Count One, Defendant Ortiz was charged with Conspiracy to Possess With Intent to Distribute 500 Grams or More of Methamphetamine, in violation of

Case No. 8:15-CR-281-T-17JSS

21 U.S.C. Secs. 846 and 841(b)(1)(A)(viii); in Count Two, Defendant Ortiz was charged with Possession With Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B)(viii), and 18 U.S.C. Sec. 2; in Count Three, Defendant Ortiz was charged with Possession With Intent to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(A)(viii) and 18 U.S.C. Sec. 2.

Defendant Ortiz entered into a Plea Agreement (Dkt. 24), pleading guilty to Count One. Defendant Ortiz was sentenced on August 5, 2016. (Dkts. 41, 42). At sentencing, Counts Two and Three were dismissed on the Government's Motion.

Defendant Ortiz' Plea Agreement included a waiver of Defendant's right appeal his sentence, except on limited grounds. (Dkt. 24, par. 6).

Defendant Ortiz did not object to the PSR at sentencing, and the Court adopted the PSR without change. (Dkts. 36, 43).

The Advisory Guideline Range determined by the Court at sentencing, prior to departures or variances, was:

| | |
|---|---|
| Total Offense Level | 33 |
| Criminal History Category | III |
| Guideline Range (after application of Sec. 5G1.1 and Sec. 5G1.2) | 168 to 210 months |

2

| | |
|---|---|
| Supervised Release Range | 1 - 3 years (Ct. 1, 8:15-CR266); 1 year (Ct. 2, 8:15-CR-266); 5 years (8:15-CR-281) |
| Fine Range | $17,500 - $10,000,000 |

Defendant Ortiz' offense included 4.06 kilograms of methamphetamine (Ice); therefore the base offense level was 36. The base offense level was reduced three levels for Defendant Ortiz' acceptance of responsibility. (Dkt. 36, pp. 8-9).

Defendant Ortiz was sentenced to a term of imprisonment of 168 months, (concurrent to the term imposed in Case No. 8:15-CR-266-T-17AAS), a term of supervised release of 60 months (concurrent to the term imposed in Case No. 8:15-CR-266-T-17AAS); fine waived; and a special assessment fee of $100.00.

Defendant Ortiz moved to reduce Defendant's sentence pursuant to Amendment 782. (Dkt. 84). The Court denied the Motion (Dkt. 89).

II.  Standard of Review

"Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir.1998) (per curiam).

[F]ederal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework," United States v. Jordan, 915 F.2d

Case No. 8:15-CR-281-T-17JSS

622, 624–25 (11th Cir. 1990).

III. Discussion

18 U.S.C. Sec. 3582(c)(2) provides:

(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that–

......

2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In November, 2015, the Sentencing Commission added clarifying language to Application Note 3(C) for Sec. 3B1.2, which explained the factors the Court considers for a minor-role adjustment, and which did not substantively alter Sec. 3B1.2. The Sentencing Commission stated that Amendment 794 provides additional guidance to sentencing courts. See U.S.S.G. Supp. App. C, Amend. 794, Reason for Amendment. See U.S. v. Cruickshank, 837 Fed.3d 1182, 1193-1194 (11th Cir. 2016).

Defendant Ortiz has requested a reduction of Defendant's sentence based on U.S.S.G. Sec. 3B1.2 (Minor Role). Based on the subject matter, the Court construes Defendant Ortiz' Motion as a request for reduction of sentence pursuant to Amendment 794.

The Court notes that Defendant Ortiz' Plea Agreement contained an appeal waiver. The limited grounds that would have permitted Defendant Ortiz to appeal are not present. Defendant Ortiz was sentenced at the low end of the applicable guideline range.

Amendment 794 made no substantive change to U.S.S.G. Sec. 3B1.2.; Amendment 794 is a clarifying amendment. Defendant Ortiz had the opportunity to challenge the denial of a minor role adjustment at his sentencing and on direct appeal, but did not do so.

Nonconstitutional claims such as clarifying amendments to the Sentencing Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.'" See Burke v. U.S., 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting Reed v. Farley, 512 U.S. 339, 348 (1994)). The "fundamental miscarriage of justice" exception provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986)([I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default).

Amendment 794 provides a nonexhaustive list of factors the Court should consider when determining whether a mitigating role adjustment applies. See U.S.S.G. Sec. 3B1.2. Defendant Ortiz did not raise this issue on direct appeal, and cannot raise it on collateral review because Defendant Ortiz has not established that it is a fundamental defect that results in a complete miscarriage

Case No. 8:15-CR-281-T-17JSS

of justice, or its omission is inconsistent with the rudimentary demand of fair procedure. The Court further notes that Amendment 794 is not retroactive on collateral review. See U.S.S.G. Sec. 1B1.10 (d) (listing amendments that have been made retroactively applicable to defendants on collateral review). Accordingly, it is

**ORDERED** that pro se Defendant Josuel Ortiz' Motion for Reconsideration of His Motion Pursuant to 18 U.S.C. Sec. 3582(c)(2), construed as a Motion to Reduce Sentence Pursuant to Amendment 794) (Dkt. 90) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 31st day of July, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

Pro Se Defendant:

Josuel Ortiz
#92261-208
FCI Talladega
P.M.B. 1000
Talladega, Alabama 35160